UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

CORBIN D. JONES,

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,

    Defendant.

Case No. 18-cv-592-JPG-CJP

## MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Corbin D. Jones's motion for leave to proceed *in forma pauperis* on his petition for review of a decision by the Social Security Administration (Doc. 4). The Court also considers his motion for recruitment of counsel (Doc. 5).

A federal court may permit an indigent party to proceed without pre-payment of fees. 28 U.S.C. § 1915(a)(1). Nevertheless, a court can deny a qualified plaintiff leave to file *in forma pauperis* or can dismiss a case if the action is clearly frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). The test for determining if an action is frivolous or without merit is whether the plaintiff can make a rational argument on the law or facts in support of the claim. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Corgain v. Miller,* 708 F.2d 1241, 1247 (7th Cir. 1983). When assessing a motion to proceed *in forma pauperis,* a district court should inquire into the merits of the plaintiff's claims, and if the court finds them to be frivolous, it should deny leave to proceed *in forma pauperis*. *Lucien v. Roegner,* 682 F.2d 625, 626 (7th Cir. 1982).

In an April 11, 2018, order, the Court found that Jones was indigent but was unable to determine whether his action is frivolous or malicious without knowing whether this is a bona fide appeal of an administrative decision or a misguided effort to apply for benefits. The Court ordered Jones to amend his complaint on or before May 11, 2018, to provide more details about the Social

Security decision he may be appealing. It further warned him that if he failed to amend his complaint with sufficient detail to allow the Court to assess whether it is a bona fide appeal of an administrative decision, the Court could deny him leave to proceed *in forma pauperis* and dismiss this case. It further pointed Jones to resources that would help him file a claim for benefits from the Social Security Administration, if that was, in fact, what he was seeking to do.

Jones has failed to obey the Court's order seeking to clarify his claim. Accordingly, the Court concludes that Jones is not seeking review of any order of the Commissioner of Social Security denying him Social Security benefits. Instead, he is seeking benefits as an original matter without first presenting the matter to the Commissioner. This Court does not have jurisdiction to consider claims that have not first been presented to the Commissioner. *Mathews v. Eldridge*, 424 U.S. 319, 328-29 (1976) (holding presentment to the agency "is an essential and distinct precondition for [42 U.S.C.] § 405(g) jurisdiction"). Since the Court does not have jurisdiction to hear Jones's claim, it will dismiss his claim as frivolous.

Jones's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400 remains due and payable regardless of the dismissal of this case. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

For the foregoing reasons, the Court:

- **DENIES** Jones's motion for leave to proceed *in forma pauperis* (Doc. 4);

- **DISMISSES** this case **without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i);

- **DENIES as moot** Jones's motion for recruitment of counsel (Doc. 5); and

- **DIRECTS** the Clerk of Court to enter judgment accordingly.

**IT IS SO ORDERED.**
**DATED: May 14, 2018**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**